## SANCHEZ v. ATLANTIC COAST LINE R. CO.

(District Court, S. D. Florida. April 18, 1918.)

NAVIGABLE WATERS ⊜═⊃26(3)—COLLISION WITH DRAWBRIDGE—DAMAGES—MEA-
SURE.

> Where the masts of a schooner were injured by coming into collision
> with the draw of respondent's bridge, and the owner, instead of putting
> in new masts, had the old masts cut down, and the sails cut down to fit
> the shortened masts, though the fault was that of respondent, the owner
> is entitled only to recover for expenditures in changing the masts and sails
> and for the time consumed in making such changes, it appearing that the
> changes did not affect the seaworthiness of the vessel, but only reduced
> its speed, and cannot be allowed the estimated expense of putting in new
> masts and restoring the sails to their original sizes.

In Admiralty. Libel by Serafin Sanchez against the Atlantic Coast
Line Railroad Company. Decree for libelant.

William Hunter and John B. Sutton, both of Tampa, Fla., for libel-
ant.

Sparkman & Sparkman and W. A. Carter, all of Tampa, Fla., for
respondent.

CALL, District Judge. The libel alleges that the schooner Halki,
while being towed down the Hillsborough river, was injured by com-
ing into collision with the draw of the bridge of respondent; that, al-
though signals were given in time for the draw to be raised, yet the
bridge attendant did not raise it to a sufficient height to permit the
schooner's masts to go through; and injury resulted from the masts
coming in contact with that portion of the bridge.

The respondent denies that the signals were given in time to permit
the opening of the draw; denies she was skillfully managed, in that
the towboat was without sufficient power to handle her; alleges that,
although the bridge was not entirely raised, there was room for the
schooner to pass without injury. It then denies negligence of its
agent at the bridge, denies the amount of damages claimed, and ad-
mits the expenditure of certain amounts in the repair of the schooner,
amounting to $192.63, and denies other bills set out in the libel.

Testimony was taken before the commissioner, and from this testi-
mony there can be no question but that the libelant must recover; but
it is difficult to arrive at a just amount. After the accident the libelant
had the masts cut down, because the heads had been splintered, and
it was necessary to cut down the masts to reach solid wood, if the ves-
sel was to be used without first having new masts put in. When the
masts were cut down, the sails were too large, and this necessitated
cutting them down. All these things were done, and the libelant claims
the expense for these things, as well as the estimated expense of put-
ting in new masts, restoring sails to their original sizes, etc., as well as
an amount for the days required to make the changes above noted.

There seems no question but that, under the circumstances shown by
the testimony, the libelant would be entitled to have had the damage to

⊜═⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

his vessel repaired, and included in such the costs of new masts, if necessary; but in the present case the testimony shows an expenditure of $535.26 for making these changes, which result in shortening the masts and reducing the sail area. Under the circumstances, the libelant having elected to make the repairs in this manner in order to have the use of the vessel, and the fact that the vessel is as seaworthy as before the accident, and the only effect of the shortening of the masts and reducing the sail area is to somewhat reduce her speed on voyage, it seems to me equitable that the amount of these expenditures should be allowed, together with such additional amount for the time consumed in making them as will compensate libelant. The testimony shows that 12 days were necessarily used in making these repairs.

I am of opinion that $20 a·day would be a fair allowance for this time, taking into consideration the probable earning capacity of the vessel and the cost of operation. A decree will therefore be prepared, allowing the libelant $775.26, with interest at the rate of 6 per cent. from December 29, 1916.